### Ida Thompson, Appellee, v. The Northern Hotel Company, Appellant.

### Gen. No. 16,127.

1. MASTER AND SERVANT—*who not fellow-servants.* An employe connected with a toilet room and an elevator operator in a hotel, are not fellow-servants.

2. VERDICTS—*when not excessive.* *Held,* in an action on the case for personal injuries, that a verdict for $5000 was not excessive where it appeared that the plaintiff earned about $20 a month, had suffered severely for 18 months after the accident and was afflicted so that disability would continue for an indefinite period in the future.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the HON. BEN M. SMITH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed January 16, 1912.

F. J. CANTY and R. J. FOLONIE, for appellant.

FRANCIS J. WOOLLEY, for appellee.

MR. JUSTICE CLARK delivered the opinion of the court.

The appellee was injured while in the act of boarding an elevator in the hotel of appellant.

The declaration was in one count and alleged that the defendant "so carelessly and negligently ran, managed, operated and controlled said elevator and the operating machinery and power controlling same that the said elevator was thereby caused to be suddenly started, whereby the plaintiff was then and there caused to trip and fall upon the floor of said elevator." A plea of the general issue was filed. There was a trial before the court and a jury, and a verdict of $5,000 and judgment entered thereon.

The points insisted upon as grounds for the reversal of the judgment are, that the court erred in refusing to direct a verdict in favor of the defendant; also in denying motion for a new trial, and entering judgment; also in its rulings upon evidence, and in its action upon instructions.

The evidence tended to show that the plaintiff was a colored woman, thirty-six years of age, employed in the ladies' toilet room of the defendant, and had been so employed some months preceding the accident. In the basement of the building there were entrances to two elevators, which were separated from each other by a stone or tile wall. The one into which the plaintiff attempted to enter was the south elevator, on the east side of the hallway. This elevator was about two feet above the basement floor, and was reached by two steps, each about nine inches in height. The opening was three or three and one-half feet in width, and the operating device by which the elevator was started or stopped was north of this opening or entrance. There was no door at the entrance, and the entrance was never at any time closed. There was one other employe of the Hotel Company besides the operator in the elevator when the elevator reached the basement, and a third one who is spoken of as a plumber, entered

the elevator ahead of the plaintiff, the plaintiff being a very short distance behind him. The plumber was able to get into the elevator before it started, but just as the plaintiff was about to enter, or as she was entering, the elevator started to rise and she was thrown into the car upon her stomach, her feet protruding from the elevator. The testimony of the plaintiff was that the elevator started just as she went to put her foot in the elevator. The accident resulted in the breaking of both of the plaintiff's legs, the fractures being described as compound comminuted. The muscles were pealed from the bones. At the time of the trial, which was eighteen months after the accident, the plaintiff was still obliged to walk on crutches.

The first point argued by the appellant is that the evidence does not tend to establish the negligence claimed in the plaintiff's declaration. It is said that the question raised is not one of variance, but that taking all of the plaintiff's evidence and the conditions together, the suddenness with which the elevator was started was not shown to be the cause of plaintiff's injury.

On cross-examination, as heretofore stated, the plaintiff testified that just as she went to put her foot in the elevator it started. It would seem that the person who entered the elevator just ahead of her was not injured, and had just turned around in the elevator and was facing the opening when he noticed her trying to get on, at which time the elevator was started.

We think that the evidence established the charge of negligence as contained in the declaration, and that it was the proximate cause of the plaintiff's injury. We do not think that plaintiff was shown to have been guilty of contributory negligence. In any event, both questions were properly left to the jury to determine.

The principal argument of the appellant seems to rest on the proposition that the operator of the elevator and the plaintiff, appellee, were fellow servants. In our opinion, so to hold would be in direct conflict with the authorities by which this court must be governed.   Spry Lumber Co. v. Duggan, 182 Ill. 218; Duffy v. Kivilin, 195 Ill. 630; C. & A. R. R. Co. v. Wise, 206 Ill. 453; Indiana, Illinois and Iowa R. R. Co. v. Otstot, 212 Ill. 429.   See also Cullen v. Higgins, 138 Ill. App. 168.   In the case last mentioned this court held, in an opinion by Mr. Justice Adams, that a waitress employed in the hotel was not a fellow servant of an elevator boy employed in the same hotel.

It is asserted that the verdict is excessive.   The earnings of the plaintiff, as testified to by her, seem to have averaged about $20 per month.   Whether she was furnished with her meals at the hotel in addition to this does not appear.   The record would indicate that she had suffered greatly for eighteen months after the accident and that there would be future disability, the extent of which cannot be accurately estimated.   We do not think the verdict should be disturbed on account of the amount.

Complaint is made of certain instructions given on behalf of appellee, and as to the refusal of certain others tendered by the appellant. Twelve instructions offered by the appellee were given, and twenty-four as tendered by the appellant, one of the latter being slightly modified.   We think the jury were fully and fairly instructed, and that no error was committed by the trial court in the giving, refusing or modifying of any instruction.

As we find no error in the record, the judgment will be affirmed.

*Judgment affirmed.*